# Benjamin Wilson *v.* Charles A. Cox, Appellant.

*Judgment—Opening judgment—Evidence.*

A rule to open a judgment entered upon a judgment note will be made absolute, where the evidence in support of the rule tends to show that at the time the note was given plaintiff was indebted to the defendant in an amount in excess of the note, that defendant protested against giving the note, referring to an unsettled account between himself and plaintiff, and stating that plaintiff owed him ; that plaintiff subsequently admitted to a disinterested witness to being indebted to defendant on an unsettled account ; and that although plaintiff became insolvent shortly after the note was given, and continued so until his death, he never entered up the note, or demanded either principal or interest thereof.

Argued Feb. 4, 1895.   Appeal, No. 450, Jan. T., 1894, by defendant, from judgment of C. P. Montgomery Co., Dec. T.,

1893, No. 151, discharging rule to open judgment. Before
STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.
Reversed.

Rule to open judgment.

From the record it appeared that on April 4, 1887, defend-
ant gave a judgment note to plaintiff for $1000, witnessed by
William F. Smith. Judgment was entered on the note Janu-
ary 2, 1894, after the death of plaintiff.

The material portion of the testimony of Mr. Smith, the
subscribing witness, will be found fully quoted in the opinion
of the Supreme Court, together with the other facts necessary
to an understanding of the case.

The court, in an opinion by SWARTZ, P. J., held that the
evidence was insufficient to contradict the terms of an instru-
ment under seal, citing Jackson v. Payne, 114 Pa. 67; Fulton
v. Hood, 34 Pa. 365; Thomas v. Loose, 114 Pa. 45; Van Voor-
his v. Rea Bros., 153 Pa. 19, and discharged the rule to open
a judgment.

*Error assigned* was above order.

*Jacob V. Gotwalts,* for appellant.—This case comes under
that class of cases where the parties acted in mutual good faith
at the inception of the transaction, and where an attempt is
made to wrest the instrument to a purpose not contemplated
or use it in violation of the accompanying agreement. Such a
use will not be tolerated: Parke v. Chadwick, 8 W. & S. 96;
Miller v. Henderson, 10 S. & R. 290; Lyon v. Huntingdon
Bank, 12 S. & R. 61; Hain v. Bell, 14 S. & R. 159; Rearich
v. Swinehart, 11 Pa. 233; Philips v. Meily, 106 Pa. 536;
Stockwell v. Webster, 160 Pa. 473.

*Charles Hunsicker,* for appellee, filed no paper-book.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895:

It may be conceded that the note on which the judgment was
entered was executed and delivered by defendant on or about
April 4, 1887; but there appears to be little if any doubt that,
at the time it was given, the payee was indebted to the maker,

on an unsettled account, in a sum equal to or greater than the face of the note. Mr. Smith the subscribing witness to the note, and the only person who appears to have been present when it was signed and delivered, testified in substance that the defendant objected to signing it, and said to the plaintiff: "It is not right for me to sign the note. You know we have not had a settlement and you owe me;" to which plaintiff assented, and gave as his reason for requesting the note, that he wanted " to show it to some one, . . . . so they could see where the money went," etc. Defendant then said: "I will sign it, but it is not right; . . . . if you die I will lose this money." In reply to this, the witness said: "No, not if I am living you won't, but it is a queer way of doing business." Defendant thereupon signed the note. The same apparently disinterested witness further testified that plaintiff admitted he was then indebted to defendant on an unsettled account; that subsequently, in conversations with him in relation to the transaction, he said it was all right, that he and the defendant did business that way between themselves.

As tending to corroborate the testimony to which reference has been made, it was also shown by a witness, familiar with defendant's books, that they show an indebtedness of about $1005, by plaintiff to defendant at the time the note was given. An additional circumstance that may have some weight, in connection with other evidence, is the fact that, although plaintiff became insolvent shortly after the note was given and continued so until his decease, he never entered up the note or demanded either principal or interest thereof.

Without further reference to the evidence in support of the rule, we think it tends to show that whatever object the parties may have had in view when the note was signed and delivered, it was not their intention that it should be regarded as evidence of the maker's then indebtedness to the plaintiff, payee therein named, or be enforced as such. While the case is involved in considerable doubt, we are of opinion that it presents questions of fact which the defendant should have an opportunity of submitting to a jury for their consideration.

Decree reversed, with costs to be paid by the appellee, and it is now adjudged and decreed that the rule to show cause be made absolute and an issue in proper form awarded.